## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Progressive West Insurance Company, | ) | |
| | ) | Civil Action No. 2:21-1257-RMG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| William Morrissey, | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant William Morrissey's motion to dismiss for lack of subject matter jurisdiction. (Dkt. No.7). For the reasons stated below, the motion is denied.

### I.     Background

On April 28, 2021, Progressive West Insurance Company ("Plaintiff") filed a Declaratory Judgment action against William Morrissey ("Defendant") pursuant to 28 U.S.C. § 2201 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure. (Dkt. No. 1). Plaintiff issued a policy of motorcycle insurance to Defendant. (*Id.* at ¶ 6; Dkt. No. 7 at 1). Plaintiff alleges the policy provides bodily injury liability coverage with limits of $100,000.00 per person and property damage liability coverage with limits of $50,000.00 per accident. Plaintiff alleges the policy provides uninsured motorist ("UM") coverage up to the same bodily injury and property damage limits. (Dkt. No. 1 at ¶ 7).

Defendant states that on January 7, 2019, he was operating his motorcycle when he was struck by a hit-and-run driver in Colleton County, South Carolina. (Dkt. No. 7 at 1-2). Plaintiff alleges the incident did not involve a hit-and-run as reported by Defendant. (Dkt. No. 1 at ¶ 13). Plaintiff alleges Defendant was injured when the motorcycle malfunctioned during Defendant's

operation of it, causing the motorcycle to crash on the side of the road and resulting in Defendant's injuries.  (*Id.* at ¶ 17).  Plaintiff alleges the UM policy only provides coverage for injury and property damage arising out of an accident caused by an uninsured motor vehicle.  (*Id.* at ¶ 19).  Plaintiff seeks a declaration the policy does not provide coverage or UM coverage for the claims arising out of Defendant's alleged accident, and that the policy is void due to fraud.  (*Id.* at ¶¶ 30, 34, 39).

On June 24, 2021, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Dkt. No. 7).  Defendant argues Plaintiff cannot establish damages to be in excess of $75,000.00 to meet the statutory amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. 1332(A)(1).  (*Id.*).  Defendant attaches his signed Affidavit the motion that purports to limit his claim of damages to no more than $75,000.00.  (Dkt. No. 7-1).  Plaintiff filed a response in opposition and Defendant filed a reply.  (Dkt. Nos. 8; 11).  The matter is ripe for the Court's adjudication.

## II.    Legal Standard

A party may challenge subject matter jurisdiction in two ways: by arguing the complaint fails to allege facts upon which subject matter jurisdiction can be based, or by arguing that the jurisdictional allegations of the complaint are not true.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In the first scenario, the court must accept the allegations in the complaint as true.  In the second scenario, "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts."  *Kearns v. United States*, 585 F.3d 187, 183 (4th Cir. 2009).  "A court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment."  Adams, 697 F.2d at 1219.  The burden of proving subject matter jurisdiction is on the party asserting jurisdiction.  *Id.*

## III.    Discussion

Plaintiff filed this action in federal court on April 28, 2021, alleging the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(A)(1). Defendant does not dispute that the parties are completely diverse as alleged in the Complaint. (Dkt. No. 1 at ¶¶ 1-2, 4). Defendant argues the Court does not have subject-matter jurisdiction over this case because the amount in controversy does not exceed $75,000.00. (Dkt. No. 7).

When subject matter jurisdiction is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(A)(1), the plaintiff bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Francis v. Allstate Ins. Co*. 709 F.3d 362, 369 (4th Cir. 2013). The amount in controversy is generally determined at the time the action is commenced and at the time of removal. *Stanley v. Auto-Owners, Ins. Co.*, 423 F. Supp. 3d 225, 228 (D.S.C. 2019). In actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

In most cases, the "sum claimed by the plaintiff controls" the amount in controversy determination. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (finding diversity jurisdiction turned on the good faith of the allegation contained in the complaint of an adequate jurisdictional amount not on defendants' decrease in the amount of damages claimed on summary judgment.). If the complaint claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id*. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288 (1938)).

To be sure, even a plaintiff whose complaint alleges a sufficient amount in controversy cannot secure jurisdiction "if, from the proofs, the court is satisfied to a [legal] certainty that the plaintiff

never was entitled to recover that amount." *JTH Tax, Inc.*, 624 F.3d at 638 (citing *St. Paul Mercury*, 303 U.S. at 289). Defendants, seeking dismissal of diversity actions for a lack of a sufficient amount in controversy, must therefore shoulder a heavy burden. *JTH Tax, Inc.*, 624 F.3d at 638. They must show "the legal impossibility of recovery" to be "so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (citing *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981)). A mere dispute over the mathematical accuracy of a plaintiff's damages calculation does not constitute such a showing. *Id.*

The Fourth Circuit has adopted a general rule regarding the effect of stipulations decreasing the amount in controversy after a complaint has been filed or after a case has been removed when the amount in controversy is plainly stated in the complaint. *JTH Tax, Inc.*, 624 F.3d at 638. Courts generally determine the amount in controversy by reference to the plaintiff's complaint. (*Id.*). If the complaint in good faith alleges a sufficient amount in controversy, "[e]vents occurring subsequent" to the filing of the complaint "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *JTH Tax, Inc.*, 624 F.3d at 638 (quoting *St. Paul* Mercury, at 289-290)). In other words, a party may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount has been stated. *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002) ("[I]t is black-letter law that the conditions that create diversity jurisdiction . . . need not survive through the life of the litigation. Rather, a court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy."); *Griffin v. Holmes*, 843 F. Supp. 81, 87 (E.D.N.C. 1993) ("[T]he plaintiff . . . may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which

reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a).").

Nevertheless, various jurisdictions have found where the initial complaint does not specify an amount in controversy, a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint. *See e.g.*, *Stanley v. Auto-Owners, Ins. Co.*, 423 F. Supp. 3d 225, 229 (D.S.C. 2019) (discussing cases); *Sanders v. Progressive Direct Insurance Company*, 2020 WL 5017855, at *2 (D.S.C. Aug. 25, 2020) (collecting cases).

The Court has carefully reviewed the pleadings, memoranda, attachments, and arguments of the parties to determine that the amount in controversy is satisfied in this case. The Complaint alleges in good faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. (Dkt. No. 1 at ¶4). Plaintiff indicates that on June 3, 2020, it received a demand letter from Defendant's then-attorney seeking $250,000.00 to settle Defendant's UM claim. (Dkt. No. 8-1). In addition, Defendant claimed $78, 252.14 in medical bills arising out of the incident. (*Id.*). Plaintiff indicates that after investigating Defendant's claim, it filed the instant action on April 28, 2021 seeking various declarations that it does not owe UM coverage to Defendant. (Dkt. No. 8 at 2). On June 24, 2021, Defendant filed a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the basis the amount in controversy has not been met. (Dkt. No. 7). Defendant attaches an Affidavit to his motion to dismiss attesting that he does not intend to make a claim of total damages recoverable from his UM policy with Plaintiff in excess of $75,000, and that he would reject any jury verdict awarded more than $75,000.00. (Dkt. No. 7-1.).

From this evidence, the Court finds that at the time the Complaint was filed, the Court had diversity jurisdiction over this action as the amount in controversy was met and there was complete

diversity of the parties.  Thus, Defendant's post-complaint Affidavit that purports to reduce the amount recoverable below the amount in controversy pursuant to 28 U.S.C. § 1332(A)(1), is insufficient to oust the Court of subject-matter jurisdiction.

Defendant also moves for the Court to abstain from exercising jurisdiction over this matter. (Dkt. No. 7 at 5-7).  Under the Declaratory Judgment Act, federal courts have discretion in deciding whether to hear a declaratory action.  *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").  To avoid "gratuitous interference" with state court proceedings, the Fourth Circuit holds that "considerations of federalism, efficiency, and comity" must guide a district court's discretion when it is confronted with a request for declaratory judgment during the pendency of related litigation in state courts.  District courts must consider "(i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; [ ] (iii) whether permitting the federal action to go forward would result in unnecessary 'entanglement' between the federal and state court systems, because of the presence of 'overlapping issues of fact or law,'" and (iv) "whether the declaratory judgment action is being used merely as a device for 'procedural fencing.'" *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

The first factor requires the Court to analyze whether the state has a strong interest in having the issues raised in the instant federal declaratory judgment decided in state courts. Defendant argues the issue of whether Plaintiff is required to provide coverage for this incident will be determined based on South Carolina insurance law.  Therefore, the state has a "tantamount

interest" in deciding these issues.  (Dkt. No. 7 at 6.).  Federal courts have discretion to abstain only when the questions of state law involved are "difficult, complex, or unsettle." *Nautilus Ins. Co.*, 15 3d at 378.   Defendant maintains "this case contains novel issues of South Carolina insurance law," but does not state why.  (*Id.*).  The issues in this case involve whether Plaintiff is required to provide coverage for the incident and whether Defendant presented a fraudulent insurance claim. These issues are not close, difficult, or problematic.  *Nautilus, Ins. Co.*, 15 F.3d at 378. This factor weighs against abstention.

The second factor requires the Court to inquire whether state courts could resolve the issues more efficiently.  Here, Defendant does not indicate coverage issues are currently being litigated in any state court.  Thus, no efficiency would be gained by Plaintiff refiling the action in state court.  *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 825 (4th Cir. 2000) (Where "there is no pending state court action that will resolve this issue, [] there is no immediate efficiency gain by transferring the issue to state court."). This factor weighs against abstention.

The third factor requires the Court analyze whether the federal action would result in "unnecessary entanglement" between the federal and state court systems.  "Entanglement is likely when many of the issues in the declaratory action are also being litigated by the same parties in the related state court action." *Fenwick Commons Homeowners Ass'n, Inc. v. Pennsylvania Nat'l Mut. Cas. Inc. Co.*, No. 2:19-cv-00057-DCN, 2019 WL 1760150, at *4 (D.S.C. Apr. 22, 2019); *see also Nautilus*, 15 F.3d at 379-80.   As there is no pending state case addressing Plaintiff's obligations under the policy, there is no potential for entanglement with the state court system if the Court were to exercise jurisdiction.  This factor weighs against abstention.

The fourth factor requires the Court to analyze whether the declaratory judgment action is being utilized merely as a device for procedural fencing. The Court declines to make a finding as

to this factor because the majority of the *Nautilus* factors weigh against abstention. Thus, the Court will decline to abstain from exercising jurisdiction in this matter.

## IV.  <u>Conclusion</u>

For the reasons stated above, Defendant's motion to dismiss is **DENIED**. (Dkt. No. 7). **AND IT IS SO ORDERED**.

<u>s/ Richard M. Gergel</u>
Richard M. Gergel
United States District Judge

July 29, 2021
Charleston, South Carolina